Tiffany Troy
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

-------------------------------------------------------------------x

HAEUN LEE,
*on behalf of herself and others similarly situated,*
                                                    Plaintiff,

                        v.

MISS692, LLC
        d/b/a Salt Korean BBQ
        d/b/a Sang Hi,
SAE DA KIM
        a/k/a Rich Kim,
DONG SHIN LEE, and
DONGKEUN LEE,

                                        Defendant.

-------------------------------------------------------------------x

Case No. 26-cv-02981

**COLLECTIVE & CLASS ACTION**

**COMPLAINT**

**JURY DEMANDED**

      Plaintiff HAEUN LEE (hereinafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants MISS692, LLC d/b/a Salt Korean BBQ d/b/a Sang Hi, SAE DA KIM a/k/a Rich Kim, DONG SHIN LEE, and DONGKEUN LEE (hereinafter referred to as "Defendants"), and alleges as follows:

<u>**INTRODUCTION**</u>

1. This action is brought by the Plaintiff against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. §§ 201 *et seq.*, of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101 *et seq.*, and of the Pennsylvania Wage

Payment and Collection Law ("WPCL"), 49 P.S. §§ 260.1 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2. Defendants have willfully and intentionally committed widespread violations of the FLSA and PMWA by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants have willfully and intentionally committed widespread violations of the WPCL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, all wages promised to them under their employment contracts.

4. Plaintiff alleges, pursuant to the FLSA, that she is entitled to recover from the Defendant: (1) unpaid overtime wages; (2) front pay due to retaliation for protected activity; (3) liquidated damages or prejudgment interest, (4) post-judgement interest; and/or (5) attorney's fees and costs.

5. Plaintiff alleges, pursuant to the PMWA, that she is entitled to recover from the Defendant: (1) unpaid overtime wages; and/or (2) attorney's fees and costs.

6. Plaintiff alleges, pursuant to the WPCL, that she is entitled to recover from the Defendant: (1) unpaid wages; (2) liquidated damages; and/or (3) attorney's fees and costs.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the PMWA and WPCL claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant conducts business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

9. Plaintiff was employed by Defendants from about September 2022 through about January 2026.

**DEFENDANTS**

10. MISS692, LLC is a domestic limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal address at 1222 Welsh Street, North Wales, PA 19454, where it operates the restaurants "Salt Korean BBQ" out of Suite H-1 and "Sang Hi" out of Suite D-7.

11. "Salt Korean BBQ" and "Sang Hi" regularly share employees and ingredients.

12. From time to time during her employment, Defendants required Plaintiff to work at "Sang Hi" despite her regular work location being "Salt Korean BBQ" when "Sang Hi" was short of workers; and to carry ingredients from "Salt Korean BBQ" to "Sang Hi" when "Sang Hi" ran short, and vice versa.

13. MISS692, LLC is an enterprise engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14. MISS692, LLC purchased, and employees of Defendant including Plaintiff, handled goods moved in interstate commerce.

15. SAE DA KIM is, and was at all times relevant this lawsuit, a member of MISS692, LLC with a 30% ownership interest.

16. SAE DA KIM has, and had at all times relevant this lawsuit, authority to hire and fire employees of MISS692, LLC.

17. SAE DA KIM, together with DONG SHIN LEE, hired Plaintiff.

18. SAE DA KIM determines, and at all times relevant to this lawsuit determined, the schedules and conditions of employment of employees of MISS692, LLC.

19. SAE DA KIM determines, and at all times relevant to this lawsuit determined, the rates and methods of pay of employees of MISS692, LLC.

20. SAE DA KIM keeps, and at all times relevant to this lawsuit kept, such employee records as were kept on behalf of MISS692, LLC.

21. DONG SHIN LEE is, and was at all times relevant this lawsuit, a member of MISS692, LLC with a 25% ownership interest.

22. DONG SHIN LEE has, and had at all times relevant this lawsuit, authority to hire and fire employees of MISS692, LLC.

23. DONG SHIN LEE, together with SAE DA KIM, hired Plaintiff.

24. DONG SHIN LEE determines, and at all times relevant to this lawsuit determined, the schedules and conditions of employment of employees of MISS692, LLC.

25. DONG SHIN LEE determines, and at all times relevant to this lawsuit determined, the rates and methods of pay of employees of MISS692, LLC.

26. DONG SHIN LEE keeps, and at all times relevant to this lawsuit kept, such employee records as were kept on behalf of MISS692, LLC.

27. DONGKEUN LEE is, and was at all times relevant this lawsuit, a member of MISS692, LLC with a 15% ownership interest.

28. DONGKEUN LEE has, and had at all times relevant this lawsuit, authority to hire and fire employees of MISS692, LLC.

29. DONGKEUN LEE determines, and at all times relevant to this lawsuit determined, the schedules and conditions of employment of employees of MISS692, LLC.

30. DONGKEUN LEE determines, and at all times relevant to this lawsuit determined, the rates and methods of pay of employees of MISS692, LLC.

31. DONGKEUN LEE was a day-to-day manager at Salt Korean BBQ.

32. DONGKEUN LEE gave Plaintiff her pay.

33. DONGKEUN LEE keeps, and at all times relevant to this lawsuit kept, such employee records as were kept on behalf of MISS692, LLC.

## STATEMENT OF FACTS

34. Plaintiff was hired by SAE DA KIM and DONG SHIN LEE in or about September 2022, to work as a line cook at "Salt Korean BBQ."

35. SAE DA KIM and DONG SHIN LEE promised Plaintiff a cash salary in the amount of $1,200.00 per week, and also lodging in company housing in addition to her cash salary.

36. The company housing typically housed three employees of MISS692, LLC at a time.

37. Upon information and belief, it cost Defendants about $2,500.00 per month to house employees.

38. Accordingly, Plaintiff estimates that it cost Defendants about $833.33 per month ($2,500.00 per month / 3 employees), or about $192.31 per week ($833.33 per month * 12 months per year / 52 weeks per year), to house her.

39. Accordingly, Plaintiff's promised compensation amounted to about $1,392.31 per week ($1,200.00 per week cash salary + $192.31 per week lodging).

40. However, DONGKEUN LEE regularly paid Plaintiff only $1,100.00 per week in salary, typically by cash—but for about five weeks, half by cash and half by check.

41. From about September 2022 through about 2023, Plaintiff regularly worked about 59 hours per week: from about 10:00 AM through about 9:30 PM, with two break hours per day, four weekdays per week; and from about 10:00 AM through about 9:30 PM, with one break hour per day, on Saturdays and Sundays.

42. From about 2024 through about January 2026, Plaintiff regularly worked about 56 hours per week: from about 10:00 AM through about 9:00 PM, with two break hours per day, four weekdays per week; and from about 10:00 AM through about 9:30 PM, with one break hour per day, on Saturdays and Sundays.

43. Accordingly, pursuant to 29 U.S.C. § 778.113, Plaintiff's weekly compensation amounted to about $21.90 per hour through 2023, and about $23.08 per hour thereafter—and did not include an additional one-half of Plaintiff's regular hourly wages for her overtime hours.

44. In about December 2025, Plaintiff complained to SAE DA KIM a/k/a Rich Kim, DONG SHIN LEE, and DONGKEUN LEE about not being paid her promised cash salary, and about not being paid overtime.

45. In response, Plaintiff was fired in about January 2026.

46. Another kitchen worker, named Yongjin Kim, was also fired on or about January 11, 2026 for asking in about December 2025 to be paid back wages and overtime.

## COLLECTIVE ALLEGATIONS

47. Plaintiff brings her FLSA claims for unpaid overtime and retaliation individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three years, through entry of judgment in this case (the "Collective").

## CLASS ALLEGATIONS

48. Plaintiff brings her PMWA and WPCL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), on behalf of all non-exempt personnel employed by Defendants on or after the date that is three years before the filing of the Complaint in this case, including Plaintiff (the "Class").

49. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

50. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty members of the class.

*Commonality*

51. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Plaintiff and the other Class members within the meaning of the PMWA;

    b.  Whether Plaintiff and the other Class members worked more than forty hours per week;

    c.  Whether Plaintiff's and the other Class members' working time was recorded accurately;

    d.  Whether Plaintiff and the other Class members who worked more than forty hours per week were entitled to one and one-half times their regular wage rates for hours worked beyond the fortieth hour per week;

e.  Whether Plaintiff and the other Class members who worked more than forty hours per week were paid one and one-half times their regular wage rates for hours worked beyond the fortieth hour per week;

f.  Whether Defendants received and withheld any portion of Plaintiff's and the other Class members' promised cash wages; and

g.  At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work.

*Typicality*

52. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime and nonpayment of promised wages. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

53. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

55. Upon information and belief, Defendants and other employers throughout the Commonwealth violate the PMWA and WPCL. Current employees are often afraid to

9

assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### Count I.
### [Violation of FLSA—Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the Collective]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

58. Plaintiff was not exempt from the requirement of Section 207(a)(1) of the FLSA pursuant to Section 213(a)(1).

59. Plaintiff's primary duty was not management of Defendants' enterprise or any recognized subdivision thereof.

60. Plaintiff's primary duty was cooking dishes ordered by customers to specifications set by the Defendants.

61. At no point during Plaintiff's employment by Defendants did she customarily or regularly supervise the work of two (2) or more other employees.

62. At no point during Plaintiff's employment by Defendants did she have, or exercise, the power to hire, promote, reward, terminate, demote, or discipline other employees.

63. At no point during Plaintiff's employment by Defendants did she have the authority to recommend to Defendants' management that other employees be hired, promoted, rewarded, terminated, demoted, or disciplined.

64. At no point during Plaintiff's employment by Defendants did she recommend to Defendants' management that other employees be hired, promoted, rewarded, terminated, demoted, or disciplined; accordingly, at no point were such recommendations by Plaintiff given particular weight.

65. At no point during Plaintiff's employment by Defendants was she substantially free from supervision herself.

66. Through about 2023, Plaintiff regularly worked about 59 hours per week for Defendants.

67. For the remainder of her employment, Plaintiff regularly worked about 56 hours per week for Defendants.

68. Throughout Plaintiff's employment, Defendants paid her flat weekly salaries regardless of the number of hours she actually worked.

69. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff for her overtime hours, at one and one-half her regular hourly rate or otherwise.

70. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of… their unpaid overtime compensation,… and in an additional equal amount as

11

liquidated damages.… The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

71. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by not paying her for overtime hours at one and one-half times her regular wage rate, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**Count II.**
**[Violation of PMWA—Failure to Pay Overtime**
**Brought on behalf of the Plaintiff and the Class]**

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. Section 333.104(c) of the PMWA provides that "[e]mployees shall be paid for overtime not less than one and one-half times the employe's regular rate as prescribed in regulations promulgated by the secretary…."

74. Through about 2023, Plaintiff regularly worked about 59 hours per week for Defendants.

75. For the remainder of her employment, Plaintiff regularly worked about 56 hours per week for Defendants.

76. Throughout Plaintiff's employment, Defendants paid her flat weekly salaries regardless of the number of hours she actually worked.

77. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff for her overtime hours, at one and one-half her regular hourly rate or otherwise.

78. Section 333.113 of the PWMA provides that "[i]f any employe is paid by his or her employer less than the minimum wages provided by section 4 of this act or by any regulation issued thereunder, such worker may recover in a civil action the full amount of

12

such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between the employer and the worker to work for less than such minimum wage shall be no defense to such action."

79. Defendants knowingly, willfully, and maliciously disregarded the provisions of the PMWA by not paying her for overtime hours at one and one-half times her regular wage rate, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**Count III.**
**[Violation of WPCL—Nonpayment of Wages**
**Brought on behalf of the Plaintiff and the Class]**

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. The WPCL provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages.

82. Plaintiff and Defendants formed an employment contract on the mutual understanding that Plaintiff would earn and receive $1,200.00 per week in cash salary, plus lodging.

83. Despite the foregoing, throughout her employment, Defendants failed to pay Plaintiff $1,200.00 per week in cash salary, instead paying Plaintiff $1,100.00 per week in cash salary.

84. Section 260.9a of the WPCL provides that "any employee or group of employees… may institute actions provided under this act[;]" that "[a]ctions by an employer… to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction, by… any one or more employes for and in behalf of himself or themselves and other employes similarly situated[;]" and that "[t]he court in any action brought under

13

this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."

85. Section 260.10 of the WPCL provides that "[w]here wages remain unpaid for thirty days beyond the regularly scheduled payday… and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($ 500), whichever is greater."

86. Defendant knowingly, willfully, and maliciously disregarded the provisions of the WPCL by retaining $100.00 per week of Plaintiff's cash salary, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**Count IV.**
**[Violation of FLSA—Retaliation for Protected Activity**
**Brought on behalf of the Plaintiff and the Collective]**

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. Section 215(a) of the FLSA provides that it is "unlawful for any person… (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

89. Defendants terminated Plaintiff, and at least one other worker, in retaliation for objecting to Defendants' policies of non-payment of promised wages and overtime as unlawful.

90. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of section 215(a)(3)… of this title shall be liable for such legal or equitable relief as may be

14

appropriate to effectuate the purposes of section 215(a)(3)… of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."

91. Defendants knowingly, willfully, and retaliated against Plaintiff for protected activity.

## JURY DEMAND

92. Plaintiff demands a trial by jury on all issues of fact so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the Collective and Class, respectfully requests that this Court enter a judgment providing the following relief:

a. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendant. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they are owed overtime or tips;

b. A declaratory judgment that the practices complained of herein are unlawful under FLSA, PMWA, and WPCL;

c. An injunction against Defendants, their owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

d. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and the Collective under the FLSA;

e. An award of unpaid overtime due to Plaintiff and the Class under PMWA;

f. An award of withheld wages, and liquidated damages, due to Plaintiff under the WPCL;

15

g.  An award of Plaintiff's lost wages, and liquidated damages equal to lost wages, as a remedy

for retaliation under the FLSA;

h.  An award of reasonable attorneys' fees and costs; and

i.  Any such other and further legal or equitable relief as the Court may deem necessary, just,

and proper.

Dated:  Flushing, NY
May 4, 2026

TROY LAW, PLLC
*Attorneys for Plaintiff*

*/s/ Tiffany Troy*
Tiffany Troy, Esq.
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com

16